# Exhibit A
# Plaintiff's Complaint

Electronically Filed
3/12/2021 12:18 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Nicolle Foster, Plaintiff

CASE NO: A-21-831003-C
Department 15

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| NICOLLE FOSTER, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | |
| CREDIT ONE BANK, N.A.; and CREDIT ONE FINANCIAL, a Nevada corporation, | **COMPLAINT** |
| Defendants. | **JURY DEMAND** |

Plaintiff NICOLLE FOSTER states as follows:

### Jurisdiction and Venue

1. This is an action for damages arising from the employment of NICOLLE FOSTER, Plaintiff, with CREDIT ONE BANK, N.A., and CREDIT ONE FINANCIAL, a Nevada corporation, Defendants, including but not limited to the termination of that employment relationship.

2. This matter arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654, and the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101-12213, ("ADAAA"). The district courts of the State of Nevada have jurisdiction over all of the claims pled in this matter, pursuant to the system of dual sovereignty, in which state courts have inherent authority to adjudicate claims arising under the laws of the United States. *Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S. Ct. 792, 795, 107 L. Ed. 2d 887, 894 (1990).

3. The amount in controversy is in excess of $15,000.00; therefore, this case is brought in the District Court of the Eighth Judicial District Court in and for the County of Clark, State of Nevada.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

4. Venue is proper in the District Court of the Eighth Judicial District Court in and for the County of Clark, State of Nevada, as all named parties are domiciled in Clark County, Nevada, or were at all times relevant to the claims pled herein, and all events relevant to the claims pled herein occurred in Clark County, Nevada.

### Exhaustion of Administrative Remedy

5. On May 15, 2019, NICOLLE FOSTER filed her completed Employment Discrimination Complaint with the Nevada Equal Rights Commission ("NERC"). In her Employment Discrimination Complaint, NICOLLE FOSTER stated that her employer subjected to unlawful discrimination on account of a disability and to unlawful retaliation for filing an internal grievance related to the unlawful discrimination that she suffered due to disability. A true and correct copy of this Employment Discrimination Complaint is attached as Exhibit 1.

6. On July 25, 2019, NICOLLE FOSTER filed her formal Charge of Discrimination with the NERC, stating and affirming that her employer subjected her (1) to unlawful discrimination on account of a disability and (2) to unlawful retaliation for her stated opposition to unlawful disability-based discrimination. A true and correct copy of this Charge of Discrimination is attached as Exhibit 2.

7. By letter dated January 8, 2021, the United States Equal Employment Opportunity Commission ("EEOC") sent to NICOLLE FOSTER her "Notice of Right to Sue (Issued on Request)," informing her that the EEOC was terminating its processing of her Charge of Discrimination and that she had 90 days of receipt of this notice to file her case in court. A true and correct copy of this "Notice of Right to Sue (Issued on Request)" is attached as Exhibit 3.

8. NICOLLE FOSTER received this "Notice of Right to Sue (Issued on Request)" on or around January 11, 2021.

9. NICOLLE FOSTER has filed this matter within 90 days of receiving her "Notice of Right to Sue (Issued on Request)." Therefore, this action is timely filed pursuant to 42 U.S.C. § 2000e-5(f) and 42 U.S.C. § 12117(a).

10. NICOLLE FOSTER, therefore, has exhausted her administrative remedy on all claims pled hereunder pursuant to the ADAAA prior to filing this action with this Court.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 8

## General Allegations

11. Plaintiff repeats the allegations contained in paragraphs 1 to 10, *supra*.

12. NICOLLE FOSTER is a citizen of the United States and of the State of Nevada. She is a resident of Clark County, Nevada.

13. Defendant CREDIT ONE BANK, N.A., is a bank chartered by the United States government. It is a closely held private company headquartered in Las Vegas, Nevada. Its principal place of business is 6801 S. Cimarron Road, Las Vegas, Nevada.

14. Defendant CREDIT ONE FINANCIAL is a corporation organized under the laws of the State of Nevada. Its principal place of business is 6801 S. Cimarron Road, Las Vegas, Nevada.

15. Defendant CREDIT ONE BANK, N.A., is a wholly-owned subsidiary of Defendant CREDIT ONE FINANCIAL, a Nevada corporation. The two are jointly administered and operate with a single human resources/industrial relations management apparatus.

16. Defendant CREDIT ONE BANK, N.A., had over 20 employees at all times relevant to this matter.

17. Defendant CREDIT ONE BANK, N.A. had over 500 employees at all times relevant to this matter.

18. NICOLLE FOSTER commenced employment with Defendants on or around September 11, 2007.

19. NICOLLE FOSTER was terminated from her employment with Defendants on or around December 21, 2018.

20. At the time of her termination, NICOLLE FOSTER was employed in the position of Collections Representative III.

21. On June 19, 2018, NICOLLE FOSTER filed with her employer the required papers in order to be able to take medical leave under the FMLA, on an intermittent basis, due to her "own serious health condition." This leave was to commence on June 4, 2018.

22. The leave was requested due to the diagnosis of "anxiety attacks" and "severe depressed mood." The condition, at that time, was initially forecasted to be of three to six months duration.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 8

23. According to the Employment Discrimination Complaint and the Charge of Discrimination that NICOLLE FOSTER filed with the NERC, the unlawful and discriminatory treatment from her employer began when she was placed under the supervision of "Dale" Allen Mason. Mason would harass and humiliate NICOLLE FOSTER. Mason would berate NICOLLE FOSTER without cause. Mason would excessively scrutinize the work of NICOLLE FOSTER for the sole purpose of harassing her, humiliating her, and making her feel extreme discomfort and anxiety. Mason also would improperly manipulate the incentive compensation due to be paid NICOLLE FOSTER, costing her income.

24. NICOLLE FOSTER reported Mason's actions to the Human Resources Department on multiple occasions. She subsequently filed a formal complaint/grievance against Mason.

25. Her employer eventually and ostensibly removed Mason from a supervisory role over NICOLLE FOSTER in June 2018.

26. Because of the stress and anxiety resulting from Mason's harassment and humiliation of NICOLLE FOSTER, NICOLLE FOSTER first took a medical leave of absence under the FMLA from June 2018 to September 2018.

27. NICOLLE FOSTER again needed to use intermittent FMLA leave in early December 2018. She still had FMLA time that she was eligible to use as she had not used the full allotment in her previous leave. During this December absence due to her medical leave, it was Mason, and not her new supervisor, who completed her time records. Mason failed to allow NICOLLE FOSTER to use vacation and sick pay in order to be compensated for her time that she was absent on medical leave in December 2018.

28. Mason also openly discussed the use of FMLA leave by NICOLLE FOSTER and the reason that she had taken a personal medical leave. This was condoned by Defendants as no action was taken against Mason for this.

29. On December 21, 2018, Defendants fired NICOLLE FOSTER based on a false allegation that NICOLLE FOSTER, in December 19, 2018, had openly used a derogatory term in reference to Mason's sexual orientation allegedly in front of at least one co-worker in the employee lunch room. The accusation was demonstrably false as NICOLLE FOSTER did not use the

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 8

employee lunch room for breaks due to her discomfort about being around co-workers allied with her tormentor, Mason.

30. Prior to her termination, NICOLLE FOSTER was one of the top performers among the collections representatives.

### First Claim for Relief

*Unlawful employment discrimination due to disability*

31. NICOLLE FOSTER repeats the allegations contained in paragraphs 1 to 30, *supra*.

32. NICOLLE FOSTER has been diagnosed as suffering from the continuing medical conditions of anxiety disorder and major depression. She continues to have this condition.

33. NICOLLE FOSTER's chronic medical condition of anxiety disorder and major depression is a recognized disability under the ADAAA. She has had a physical or mental impairment that substantially limited one or more major life activities, including but not limited to sleeping, interacting with others, concentrating, and working.

34. NICOLLE FOSTER was a qualified individual who could perform the essential functions of her position with Defendants.

35. NICOLLE FOSTER requested a reasonable accommodation to her disability. She requested a medical leave of absence in order to allow her a brief break from the stress and anxiety-producing work environment.

36. Defendants were the "employer" of NICOLLE FOSTER, as that term is defined at 42 U.S.C. § 12111(5)(A).

37. Defendants unlawfully discriminated against NICOLLE FOSTER in violation of 42 U.S.C. § 12112(a) because Defendants fired NICOLLE FOSTER for being a person with a covered disability and for requesting a brief leave of absence as accommodation to her disability.

38. By terminating NICOLLE FOSTER because of her covered disability and because of her need for an accommodation to perform her job duties, Defendants violated 42 U.S.C. § 12112(a) by unlawfully discriminating against NICOLLE FOSTER, a qualified individual, on the basis of her disability in regard to the terms, conditions and privileges of her employment.

39. Because Defendants unlawfully discriminated against NICOLLE FOSTER and

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 5 of 8

subjected her to disparate treatment and termination because she was a qualified individual with disability, Defendants must pay NICOLLE FOSTER damages in an amount in excess of $15,000.00, to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

40. Because Defendants have been guilty of oppression, fraud or malice, express or implied, Defendants must pay NICOLLE FOSTER an additional amount for the sake of example and by way of punishment.

41. NICOLLE FOSTER has had to procure the services of an attorney to protect her rights and secure compensation for damages incurred as a result of these violations of the ADA; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

### Second Claim for Relief

*Unlawful retaliation for opposing disability-based discrimination*

42. NICOLLE FOSTER repeats the allegations contained in paragraphs 1 to 41, *supra*.

43. NICOLLE FOSTER engaged in protected opposition to Defendants' violations of the ADAAA as she repeatedly objected to the actions of her supervisor Mason with regard to his unlawful treatment and harassment of her, including his open statement of the reason that NICOLLE FOSTER needed to take medical leave, which exacerbated the symptoms associated with NICOLLE FOSTER's disability.

44. Defendants violated 42 U.S.C. § 12203 of the ADAAA by unlawfully retaliating against NICOLLE FOSTER for her protected opposition to Defendants' unlawful failure to follow the ADAAA and to end the unlawful, harassing and humiliating actions of her supervisor, Mason. Defendants, therefore, must pay NICOLLE FOSTER damages in an amount in excess of $15,000.00, to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

45. Because Defendants have been guilty of oppression, fraud or malice, express or implied, Defendants must pay NICOLLE FOSTER an additional amount for the sake of example and by way of punishment.

47. NICOLLE FOSTER has had to procure the services of an attorney to protect her

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 6 of 8

rights and secure compensation for damages incurred as a result of these violations of the ADAAA; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

### Third Claim for Relief

*Interference with rights under the FMLA*

48. NICOLLE FOSTER repeats the allegations contained in paragraphs 1 to 47, *supra*.

49. The FMLA entitles eligible employees of covered employers to at least 12 weeks of leave over a designated 12-month time period for any reason set forth at 42 U.S.C. § 2612(a)(1).

50. For purposes of the FMLA, NICOLLE FOSTER was an "eligible employee," as defined at 29 U.S.C. § 2611(2)(A).

51. Defendants were an "employer" for purposes of the FMLA, as that term is defined at 29 U.S.C. § 2611(4)(A).

52. Defendants were aware of their obligation to provide leave under the FMLA to eligible employees entitled to leave under the FMLA. Defendants, furthermore, were aware that it would be unlawful to take retaliatory action against an employee for exercising his or her rights under the FMLA.

53. Employees eligible for leave under the FMLA are entitled to take up to 12 weeks of leave per year for various conditions, including but not limited to a serious health condition under 29 U.S.C. § 2612(a)(1)(D).

54. Defendants failed to properly compensated NICOLLE FOSTER for her leave time.

55. Defendants fired NICOLLE FOSTER in direct response for her taking a medical leave of absence due to anxiety and depression.

56. By terminating NICOLLE FOSTER's employment in response to her use of medical leave under the FMLA, Defendants willfully violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with NICOLLE FOSTER's right to medical leave under the FMLA.

57. Because Defendants unlawfully and willfully interfered with NICOLLE FOSTER's rights under the FMLA, Defendants must pay NICOLLE FOSTER damages in an amount in excess of $15,000.00, to be determined at trial, for her lost income.

58. NICOLLE FOSTER is further entitled to an award of punitive damages and liquidated

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 7 of 8

damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii) because of this willful interference with her rights under the FMLA.

59. NICOLLE FOSTER has had to procure the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations of the FMLA; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff NICOLLE FOSTER prays that the following judgment be entered upon a trial by jury, against Defendants CREDIT ONE BANK, N.A., and CREDIT ONE FINANCIAL, a Nevada corporation:

1. Monetary damages in an amount to be determined at trial, which continue to accrue;
2. An award of interest on the amount owed;
3. Punitive and liquidated damages;
4. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 2617(a)(3), or any other statute, as appropriate; and
5. Any further relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
Robert P. Spretnak, Esq.

Attorney for Nicolle Foster, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

THE LAW OFFICES OF ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 8 of 8

# Exhibit 1

*Nicolle Foster v. Credit One Bank, N.A., et al.*
Complaint
**Employment Discrimination Complaint**
(May 15, 2019)

# Exhibit 1

State Of Nevada
Department Of Employment, Training And Rehabilitation
**Equal Rights Commission**


Nevada Equal
MAY 15 2019
Rights Commission

Employment Discrimination Complaint

The Nevada Equal Rights Commission is charged with the enforcement of employment, housing and public accommodations, state and federal discrimination laws, under NRS 233 and 613 inclusive; Title VII of the Civil Rights Act of 1964, as amended; Age Discrimination in Employment Act of 1967, as amended; and Equal Employment Opportunity Commission procedural regulations; housing NRS 118 and Public Accommodations NRS 651.

NOTE: Your complaint must be filed within 300 days from the last alleged discriminatory act.

1. Have you filed with the EEOC – Equal Employment Opportunity Commission? [ ] YES [✓] NO
   If yes, you can only file one complaint with either EEOC or NERC; not both.
2. Does the company employ a total of 15 or more employees (in Nevada and/or the United States)? [✓] YES [ ] NO
   The company against whom you are claiming discrimination must employ a total of 15 or more employees.

PLEASE PRINT CLEARLY          348-2019-00930

**A)** Your Name: Mr. [ ] Ms. [✓]  Last Name: Foster  First Name: Nicolle  Date of Birth: [redacted]

Do you need the assistance of an interpreter? Yes [ ] No [✓] (IF YES, what language?) _____

Mailing Address: [redacted]  City: LV  State: NV  Zip Code: 89119

Telephone: Home 702 272 5304  Cell ___  E-mail: [redacted]@gmail.com

**B)** Company Name: Credit One Bank  Phone: 702-269-1000
Physical Address: 6801 Cimarron Ave  City: LV  State: NV  Zip Code: 89144

**C)** Give the name of someone who can help us reach you.  Relationship: _____
Name: Spretnak, Robert  Telephone: (702) 454-4900
Address: 8275 South Eastern Ave Suite 200  City: Las Vegas  State: NV  Zip: 89123

**D)** Hire Date: 9/11/2007  Ending Date: 12-21-2018  Date of last alleged discriminatory act: 12-14-2018
Present or Ending Pay: $17.14/hr per hr  Present or Ending Position Title: Collections Rep III

**E)** This is a complaint of _discrimination based upon_:
(Mark only the reasons for which you believe caused the discriminatory act(s) that you are claiming)

- [ ] Race _____
- [✓] Disability: FMLA
- [ ] Sex (includes pregnancy)
- [ ] Gender Identity or Expression
- [ ] Criminal Background*
  *Public Employees only (state, county, city)
- [ ] Color _____
- [ ] Age _____
- [ ] Sexual orientation
- [✓] Retaliation** filed an grievance toward the super sup
- [ ] Religion _____
- [ ] National Origin _____
- [ ] Genetic Information

** Retaliation only applies when believed to be caused by the filing of a complaint, or other action, related to discrimination of a protected class.

**F)** Mark only those actions allegedly taken against you AND the _date_ of _last_ occurrence.

- [ ] Demotion _____
- [ ] Failure to Hire _____
- [ ] Fail to Promote _____
- [ ] Failure to Represent (Union) _____
- [ ] Pregnancy/Maternity (leave forced or denied) _____
- [ ] Terms & Conditions of Employment _____
- [✓] Discharge take reason
- [✓] Harassment 12-14-2018
- [ ] Sexual Harassment _____
- [ ] Reasonable Accommodation _____
- [ ] Lay Off _____
- [ ] Forced to Resign _____
- [ ] Failure to Compensate _____

Rev: 09-27-18                                                                    Page 1 of 3

**G)** List the name(s) of the individual(s) that you are claiming were involved in the alleged discrimination:

| First Name | Last Name | Job Title |
|---|---|---|
| Allen | Mason | Supervisor |
| | | |
| | | |

**H)** What is the name of the company's Human Resources Manager?

| First Name | Last Name | Telephone Number |
|---|---|---|
| Megan | Lago | 702-967-1321 |

**I)** List the name(s) of person(s) who witnessed, observed and or who have knowledge of the events you are claiming were acts of discrimination. Give the names of those people who would willingly give a statement and would support you as your witness. NOTE: All witness testimony in this process is voluntary.

| First Name | Last Name | Home Address/Telephone Number |
|---|---|---|
| [illegible/scribbled] | [illegible/scribbled] | 702-[scribbled] |
| | | |
| | | |
| | | |
| | | |

**J)** Complete these sentences:

1) I was hired by **Credit One Bank** (Name of the company/business) on or about **09 / 11 / 2007** (Month/Day/Year) as a **Collection Rep II** (Your job title). While employed there, I was subjected to **harassment, humiliation and messing with my incentives. I went on an stress leave and was removed from his team** (Describe the type of discrimination/conditions that you are alleging happened) by **Allen Mason II** (The primary person in your complaint), my **Manager** (That person's job title - supervisor, co-worker.). After the last alleged discriminatory event, I filed my complaint with the Nevada Equal Rights Commission.

2) The company explained that I was treated this way because:

He was trained by Tammi Reynolds who was also terminated and he did not get the complete training that he needed.

3) I believe I was treated this way because:

He used to be my competition and he was promoted to an supervisor. I was number 1 for 10 out of the 12 years employed.

4) Explain the alleged discriminatory event(s) that occurred. Please include "who did what, who was there, what happened, when did it happen, where did it happen and what was said, etc." Please be as brief as possible. If you need more space to write, attach additional sheets of paper.

I was fired due to misconduct which ended up being not true. I filed an grievance against my supervisor Allen Mason II for harassment, humiliation, financial stress I filed an grievance and was removed off his team still on the same shift with another supervisor so I was on an stress leave due to

I swear/affirm that the above information is true and correct to the best of my knowledge and belief.

Signature _____ Date 5-15-2019

Rev: 09-27-18

NEVADA EQUAL
MAY 15 2019
RIGHTS COMMISSION 3

NEVADA EQUAL
MAY 15 2019
RIGHTS COMMISSION

#2

due to mistreatment and harassment. Mind you I have been to H.R. 2x's out of the twelve years I was employed there. First time was on complaint against ~~Dale~~ Allen Mason II (Dale) and Tammi Reynolds his boss. I was an top performer in collections Allen Mason was my supervisor. He screamed yelled, and harassed me all this effected me, so in June 4-2018 took an stress leave. My therapist gave me 6 months stress leave I took 2 months off and went back to work. So the day was 12-19-2018 my new supervisor took off work for the Holidays his name is Terrance Taylor. I took off 2 days because my anxiety ran high knowing I had to deal with Allen Mason II so 1 of my coworkers calls me and she is on the same team as me (Terrance) asking me if I am okay and about my hours which was strange to me because her and Dale (my former supervisor are friends) so when I got to work H.R. is aware of all the problems

4

Rosinga Williams calling me and asking me questions. 2nd advised him when he returned that he said my FMLA was ended due to when I came back in Sept because the managers had that paperwork form my Dr saying I can return to work but if I need to take days off I can. So the next thing I advised him why Dale (Allen Maxen II) previous Supervisor did not pay me for my hours, he paid me 57 hrs + 23 unpaid which I had sick time + vacation time for so he left that out so I told Terranee Taylor I am going to H.R. to tell and ask why he did not pay me. So Terranee advised me to let him and the Vice Presidents handle it Rait + Raina so I said okay and 2 days later Terranee asked me to

# Exhibit 2

*Nicolle Foster v. Credit One Bank, N.A., et al.*
Complaint
**Charge of Discrimination**
(July 25, 2019)

# Exhibit 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>34B-2019-00930 |
|---|---|---|

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Nicolle Foster | Home Phone (Incl. Area Code)<br>(702) 272-5304 | Date of Birth<br>1969 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 5050 Tamarus St. #302, Las Vegas, NV 89119 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>CREDIT ONE BANK | No. Employees, Members<br>500+ | Phone No. (Include Area Code)<br>(702) 269-1000 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 6801 Cimarron Ave., Las Vegas, NV 89144 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/1/2014   Latest: 12/21/2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Respondent discriminated against me on the basis of disability and/or retaliation. I was subjected to disparate terms and conditions of employment and discriminatory discharge. I filed my complaint with the Nevada Equal Rights Commission on May 15, 2019.

I commenced employment with the Respondent in 2007 as a Collector. I performed my job satisfactorily and, in fact, received bonuses every month.

Things were fine for me until Allen "Dale" Mason became one of my Supervisors around 2014. At that point, I became a target for discrimination. Mr. Mason would berate me and scrutinize me. He would also hinder my ability to do my job. Mr. Mason's excessive scrutiny of me exacerbated my medical condition and I had to seek medical treatment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2-25-2019   [signature]<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>Received NERC<br>JUL 25 2019<br>Las Vegas, NV |

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br><br>34B-2019-00930 | |
| **Nevada Equal Rights Commission** | | | and EEOC |
| *State or local Agency, if any* | | | |

I went to Human Resources several times to report the issues.

Due to all of these issues, I was forced to take leave under the Family and Medical Leave Act (FMLA). I was out from around June 2018 through September 2018. Incidentally, I learned that my FMLA leave improperly discussed with employees.

When I returned, I was retaliated against. Mr. Mason made false allegations against me. I was ultimately terminated around December 21, 2018 for these false allegations, which, even if proven true, should not warrant termination.

I feel I was subjected to this adverse treatment on the basis of disability and/or retaliation.

I AM FILING THIS CHARGE TO PROTECT MY RIGHTS IN COURT.

I believe the Respondent's actions violated the Americans with Disabilities Act Amendments Act (ADAAA) and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>Received NERC |
| 7-25-2019          [signature]<br>Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*  JUL 25 2019<br><br>Las Vegas, NV |

# Exhibit 3

*Nicolle Foster v. Credit One Bank, N.A., et al.*
Complaint
**Notice of Right to Sue (Issued on Request)**
(Jan. 8, 2021)

# Exhibit 3

EEOC Form 161-B (11/16)             **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Nicolle Foster<br>3501 Shady Timber St., #2028<br>Las Vegas, NV 89129 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2019-00930 | Karrie L. Maeda,<br>State, Local & Tribal Program Manager | (213) 785-3002 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*          January 8, 2021

Enclosures(s)       **Rosa M. Viramontes,**       *(Date Mailed)*
                   **District Director**

cc:     **Megan Lago**
       **Human Resources Director**
       **CREDIT ONE BANK**
       **6801 S. Cimarron Rd.**
       **Las Vegas, NV 89113**